IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN RICHARDSON,

        Petitioner,             No. CIV S-07-0326 DFL GGH P

    vs.

SACRAMENTO COUNTY, et al.,

        Respondents.        ORDER

_____/

        Petitioner, a prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  providing the highest state court with a full and fair opportunity to consider all claims before
2  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512
3  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
4          After reviewing the petition for habeas corpus, it does not appear that petitioner
5  has exhausted state court remedies.  The claims have not been presented to the California
6  Supreme Court.  Further, there is no allegation that state court remedies are no longer available to
7  petitioner.  Accordingly, petitioner is ordered to show cause why the petition should not be
8  dismissed for failure to exhaust state court remedies.[2]
9          Good cause appearing, IT IS HEREBY ORDERED that:
10         1.  Petitioner is granted leave to proceed in forma pauperis;
11         2.  Petitioner shall show cause within twenty days why this action should not be
12  dismissed for his failure to exhaust state court remedies.
13  DATED:  3/5/07

                                           /s/ Gregory G. Hollows
                                           _____
                                           UNITED STATES MAGISTRATE JUDGE

17  rich326.osc

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).